UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KESHA R. HUDSON-HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00246-SEB-TAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Kesha R. Hudson-Harris appeals the denial decision of Defendant Carolyn W. Colvin, the Commissioner of the Social Security Administration. Hudson-Harris, proceeding *pro se*, argues that she visited her psychiatrist and therapist in May and has proof she is disabled. [Filing No. 16.] Construing Hudson-Harris' argument liberally, she argues that new evidence requires remand. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (explaining that a *pro se* claimant's argument is construed "liberally" and held to a "less stringent standard than formal pleadings drafted by lawyers.").

Hudson-Harris submits forty-two pages of evidence. [Filing No. 25.] The Court may order the Commissioner to consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993). This showing is not made. Thus, the Magistrate Judge does not recommend remand.

Of the evidence Hudson-Harris submits, approximately three-quarters is new. Evidence is "new" if it was "not in existence or available to the claimant at the time of the administrative

proceeding." *Schmidt*, 395 F.3d at 742. The Administrative Law Judge held a hearing on September 10, 2014, and issued his decision on December 22, 2014. New evidence was available after this time.

The medical exam by Dr. Shreder at Forest Manor Health Center is not new because it was performed in 2013, and was in the record before the ALJ. [Filing No. 13-7, at ECF p. 54-61; Filing No. 25-1, at ECF p. 17-22.] The progress note from Forest Manor Health Center is not new because it is dated August 17, 2010. [Filing No. 25-1, at ECF p. 28.] The record from Midtown Community Mental Health Center is not new because it is from 2013, and was in the record before the ALJ. [Filing No. 13-7, at ECF p. 62-63; Filing No. 25-1, at ECF p. 25, 27.] The page from Dr. Brill's report is not new because it is from 2012, and was in the record before the ALJ. [Filing No. 13-3, at ECF p. 9; Filing No. 25-1, at ECF p. 26.]

The remaining evidence submitted by Hudson-Harris is new. However, none of the new evidence is material. For new evidence to be "material," there must be a "reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005). The ALJ found Hudson-Harris' severe impairments are anxiety, borderline intellectual functioning, and depression. [Filing No. 13-2, at ECF p. 18.] The ALJ determined that Hudson-Harris has the residual functioning capacity to perform unskilled work, not on a fast-paced assembly line or interacting with the public, but work requiring simple instructions, limited interactions with others, and a break every two hours. [Filing No. 13-2, at ECF p. 22.] The ALJ concluded Hudson-Harris is not disabled because she can work as a cleaner or sorter. [Filing No. 13-2, at ECF p. 31.] Material evidence would likely change this conclusion.

The letters from Senator Donnelly and SSA are not material because they do not provide information about Hudson-Harris' impairments. [Filing No. 25-1, at ECF p. 1-14.] Similarly, the transcript from Ivy Tech is not material. [Filing No. 25-1, at ECF p. 42.] The transcript provides no information about Hudson-Harris' impairments, and her ability to further her education decreases the likelihood the ALJ would change his conclusion.

The pages from Northeast Health Center and Dr. Sajjad are not material. [Filing No. 25-1, at ECF p. 23-24.] These pages merely contain diagnoses of Hudson-Harris' depression and anxiety, which are consistent with the ALJ's finding that depression and anxiety are severe impairments. In addition to diagnoses, the page from Northeast Health Center includes negative results from blood and urine tests, and Dr. Sajjad's report lists problems observed in a gynecological exam. This information is not pertinent to Hudson Harris' severe mental impairments.

The summary of Hudson-Harris' eligibility for Medicaid and SNAP is not material because it simply provides a conclusory administrative answer that Hudson-Harris is disabled. [Filing No. 25-1, at ECF p. 29.] In Social Security cases, the conclusion of disability is a finding specifically reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(2)(i); *Denton v. Astrue*, 596 F.3d 419, 424 (7th Cir. 2010). The conclusion of disability by these agencies is not material.

Likewise, the notice from Indiana Family and Social Services Administration is not material because it too provides a conclusory administrative answer, that Hudson-Harris is "medically frail." [Filing No. 25-1, at ECF p. 30.] The notice explains:

> An individual is medically frail if he or she has been determined to have one or more of the following:
> - Disabling mental disorder;
> - Chronic substance abuse disorder;
> - Serious and complex medical condition;

- Physical, intellectual or developmental disability that significantly impairs the individual's ability to perform one or more activities of daily living; or
- Disability determination from the Social Security Administration.

[Filing No. 25-1, at ECF p. 30.] The notice does not identify which of these determinations Indiana FSSA made. And even if it did, determinations by Indiana FSSA are not binding on the Commissioner. Incorporating this notice into the record does not provide a reason for the ALJ to change his conclusion. In fact, the ALJ found Hudson-Harris has severe mental impairments.

Lastly, the educational accommodation plan is not material because it is consistent with the ALJ's conclusion. [Filing No. 25-1, at ECF p. 31-41.] Like the ALJ, the special education team found Hudson-Harris has a "mental impairment which substantially limits one or more major life activities." [Filing No. 25-1, at ECF p. 31, 37.] Like the ALJ, the team found Hudson-Harris requires accommodations, such as additional breaks, small groups, and checking for understanding. [Filing No. 25-1, at ECF p. 32, 38-39.] The ALJ imposed significant mental limitations in the RFC.

For all these reasons, evidence submitted by Hudson-Harris on appeal does not warrant remand because the new evidence is not material. Overall, the evidence is consistent with the ALJ's conclusion that Hudson-Harris is not disabled. Therefore, the Magistrate Judge recommends affirming the Commissioner's decision. Hudson Harris' motion for remand [Filing No. 16] should be denied.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 12/28/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

KESHA R. HUDSON-HARRIS
3741 Allerton Place
Apt. E
Indianapolis, IN 46226

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov