UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KESHA R. HUDSON-HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-00246-SEB-TAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action for judicial review of the final decision of Defendant Carolyn W. Colvin, the Commissioner of the Social Security Administration ("Commissioner"), finding that Plaintiff Kesha R. Hudson-Harris is not disabled and therefore not entitled to Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") under the Social Security Act. Ms. Hudson-Harris, proceeding *pro se*, argues that new evidence requires remand. This case was referred to Magistrate Judge Baker for consideration. On December 28, 2016, Magistrate Judge Baker issued a report and recommendation that the Commissioner's decision be upheld because the new evidence submitted by Ms. Hudson-Harris on appeal is not material and therefore does not warrant remand under sentence six of 42 U.S.C. § 405(g). This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

We review the Commissioner's termination of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ"), we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

**Discussion**

The Court may remand a case and order the Commissioner to consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993). To be considered "new," evidence must "not [have been] in existence or available to the claimant at the time of the administrative proceeding." *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (internal quotation marks and citation omitted). For new evidence to be "material," there must be a "'reasonable probability' that the ALJ would have reached a different conclusion had the evidence been considered." *Id.*

Upon review of the forty-two pages of evidence submitted by Ms. Hudson-Harris on appeal, the Magistrate Judge determined that remand was not warranted because the evidence submitted was either not new, or, if new, not material. Ms. Hudson-Harris does not put forth any substantive argument or specifically object to any of the Magistrate Judge's findings. Rather, she states generally that she is "unequipped to handle the stress of everyday life" with her and her son's disabilities as well as the stress of "being harassed by CPS and continually being denied for SSA." Dkt. 28 at 3. She summarily asks the Court to reconsider her appeal, stating only that she believes she has shown that material evidence exists that would have led the ALJ to change his conclusion. In

3

support of her objection, she has submitted an additional nineteen pages of evidence that was not before the Magistrate Judge, evidence which she argues proves her "limited mental capacity" and, had it been considered, would have led the ALJ to find her disabled.

It is not clear from her submissions whether Ms. Hudson-Harris is in fact objecting to any portion of the Magistrate Judge's analysis or whether she is arguing only that the additional evidence submitted for the first time with her objection warrants remand. Given that she is proceeding *pro se*, we construe her argument liberally[1] and assume she is both objecting to the Magistrate Judge's Report in its entirety and also asserting that the additional new evidence itself necessitates remand. Having given *de novo* consideration to the evidence reviewed by the Magistrate Judge, we hold, for the same reasons set forth in his well-reasoned report, with which we entirely concur and hereby adopt both as to the cited authorities and related analysis, that none of the evidence addressed in the Magistrate Judge's Report meets the standard required to justify remand.

Nor does the additional evidence submitted by Ms. Hudson-Harris in support of her objection warrant remand.[2] "[N]ew evidence is material only if it is relevant to the

---

[1] Under Seventh Circuit law, *pro se* litigants' arguments are to be construed "liberally" and held to a "less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

[2] This evidence consists of: (1) medical records from November 29, 2016 and January 10, 2017 appointments with Jennifer Seele, M.D.; (2) a printout from a webpage indicating that an enrollment document had been processed on January 9, 2017 for Ms. Hudson-Harris's son to attend an online school; (3) a notification dated January 10, 2017 from the Indiana Department of Child Services regarding the initiation of a child abuse/neglect investigation; and (4) a partially completed job application for a customer service position dated January 5, 2016 that Ms. Hudson-Harris represents she could not complete because of her incapacity.

4

claimant's condition 'during the relevant time period encompassed by the disability application under review.'" *Schmidt*, 395 F.3d at 742 (quoting *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1989)). All of the additional evidence submitted by Ms. Hudson-Harris is dated January 2016 or later, long after the ALJ's September 2014 decision. Accordingly, none of this evidence is material because it is relevant only to Ms. Hudson-Harris's current condition, not to her condition at the time her application was under consideration by the ALJ. *See Kapusta*, 900 F.2d at 97 (holding that evidence "postdating the hearing" and that "speak[s] only to [the applicant's] current condition, not to his condition at the time his application was under consideration by the Social Security Administration" does not meet the standard for new and material evidence). If developments in Ms. Hudson-Harris's condition have occurred since the ALJ rendered his opinion in 2014, she may file a new application,[3] but her claim does not merit remand on this basis.

## Conclusion

For these reasons, Ms. Hudson-Harris has not established that any of the new evidence she has submitted is material, that is, that there exists a reasonable probability that had it been submitted the ALJ would have reached a different conclusion. Accordingly, the Plaintiff's objections are OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report.

---

[3] It appears from Ms. Hudson-Harris's submissions that she has in fact filed a new application for benefits. Dkt. No. 28 at 1.

5

IT IS SO ORDERED.

Date: __2/13/2017_____

*Sarah Evans Barker* (signature)
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KESHA R. HUDSON-HARRIS
3741 Allerton Place
Apt. E
Indianapolis, IN 46226

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov